UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACOB THAMES,

      Plaintiff,

v.

      Civil Case No. 17-10421
      Honorable Linda V. Parker

NATIONSTAR MORTGAGE LLC,

      Defendant.
_____/

# OPINION AND ORDER GRANTING DEFENDANT NATIONSTAR MORTGAGE LLC'S MOTION FOR MORE DEFINITE STATEMENT

Plaintiff initiated this pro se action against Defendant on February 7, 2017, by submitting a completed "Complaint for a Civil Case" form provided by the Court. Plaintiff describes his claim as arising from a mortgage he obtained from Defendant in the amount of $102,500.00, which Plaintiff claims Defendant refused to modify "in order to illegally foreclose on [P]laintiff's property." (ECF No. 1.) Plaintiff also states that Defendant "denied "[P]laintiff proper notice of foreclosure." (*Id.*) On March 15, 2017, Defendant filed a motion for more definite statement. (ECF No. 11.) Plaintiff has not responded to the motion, although his response was due on or before April 3, 2017.

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed

but which is so vague or ambiguous that the party cannot reasonably prepare a response." The rule requires the movant to "point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). It further states that "[i]f the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." *Id*.

In its motion, Defendant contends that Plaintiff's Complaint is deficient because it fails to allege a violation of any federal or state statute, rule or regulation, or any violation of common law. Defendant also points out that Plaintiff does not identify the property at issue or attach or provide any identifying information about the mortgage at issue. Finally, Defendant argues that Plaintiff does not identify the notices to which he claims he was entitled to receive, but did not receive, or why he believes the denial of a loan modification was wrongful.

The Court agrees that Plaintiff's Complaint is lacking in sufficient detail to allow Defendant to respond. Plaintiff needs to inform Defendant of the property foreclosed, information enabling Defendant to identify the mortgage at issue, reasons why Plaintiff claims the denial of his request for a loan modification was unlawful, and the notices he believes he should have received but did not. Defendant should provide at least the approximate dates of when he obtained the mortgage, when the property was foreclosed, when he sought a loan modification,

2

and when the request was denied.  In light of the many wrongful foreclosure cases that homeowners have filed in the last nine years, the Court anticipates that Defendant's counsel is capable of discerning the law this pro se Plaintiff is claiming Defendant violated (or of concluding that Plaintiff fails to establish the violation of any law).

Accordingly,

**IT IS ORDERED** that Defendant's Motion for More Definite Statement (ECF No. 11) is **GRANTED**;

**IT IS FURTHER ORDERED** that, within fourteen (14) days of this Order, Plaintiff shall file a more definite statement providing the details set forth above. Plaintiff's failure to comply by such time may result in the Court dismissing Plaintiff's cause of action with prejudice for failure to state a claim upon which relief can be granted, without further notice.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 17, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 17, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager